UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                     Chapter 11

FLORIDA LANDMASTERS, LLC        Case No. 8:10-bk-29643-KRM

       Debtor.                         *Emergency Relief Requested*
_____/     *Without the Necessity of a Hearing*

**DEBTOR'S EMERGENCY MOTION FOR
ORDER DIRECTING JOINT ADMINISTRATION OF
<u>CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)</u> [1]**

FLORIDA LANDMASTERS, LLC ("**FLM**" or the "**Debtor**"), by and through its undersigned attorneys, hereby files its Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with Chamberlain Properties, LLC; Creighton Office Center, LLC; Lakeside Properties, LLC; North Port Hospital Holdings, LLC; North Port Parkway, LLC; North Port Restaurants, LLC; North Port Retail Center, LLC; North Port Town Center, LLC; Price Health Park, LLC; Price Projects, LLC; Snover Development, LLC; and Toledo Blade Interchange, LLC (the "**Related Debtors**").

---

[1] A companion Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure has been simultaneously filed in the related Chapter 11 cases which are pending before this Court.

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On December 13, 2010 (the "**Petition Date**"), the Debtor, along with the Related Debtors (collectively, the "**Debtors**"), filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to §1102 of the Bankruptcy Code.

6. The Debtor is engaged in the business of obtaining entitlements and permitted property uses for the purpose of selling subdivided land assets to qualified developers, related to real property in North Port, Florida (the "**Property**"). The Property is ideally located and ready for development.

7. Frank Menke, III ("**Mr. Menke**") is the Manager of FLM. Mr. Menke owns 25% of the membership interest in FLM. The common membership interests in

the Related Debtors are owned by FLM. Mr. Menke is the Manager of the Related Debtors. Parcels of the Property are owned by the Related Debtors.

8. No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

**Relief Requested and Grounds for Relief**

9. By this Motion, the Debtor requests the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the Related Debtors.

10. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> (b) **Cases involving two or more related debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

11. The Debtors are related entities and affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of

3

Bankruptcy Procedure because, as stated above, the Debtor owns more than twenty percent (20%) of the issued and outstanding common stock or membership interests in the Related Debtors, as applicable. Therefore, this Court may order joint administration of the estates.

12. The Debtor requests that all pleadings in these Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                             Chapter 11

FLORIDA LANDMASTERS, LLC, et. al     Case No. 8:10-bk-29643-KRM

                                                           Jointly Administered Under
                                                           Case No. 8:10-bk-29643-KRM

         Debtors
_____/

The Debtor further requests that all pleadings in these Chapter 11 cases be filed and maintained under FLM's case number.

13. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

       a. To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting all of the Debtors. Absent joint administration, the Debtors will need to immediately file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint

4

administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and expense, as well as conserving judicial and court resources in scheduling and maintaining the separate pleadings.

b. Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

c. Joint administration may avoid or reduce expenses associated with multiple separate Section 341(a) meetings of creditors and may permit the Debtors' management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in the administration, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

14. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will

5

result from the joint administration of these cases. Moreover, each creditor may still file its claim against a particular estate.

15. The Debtors do not believe that any of the relief herein requested would create a conflict of interest between creditors of the several estates.

**Notice**

16. Notice of this Motion has been given by electronic transmission to the Office of the United States Trustee for the Middle District of Florida, and by United States first class mail to the twenty (20) largest unsecured creditors. The Debtor submits that, given the administrative nature of the relief requested herein, no other or further notice need be given.

**Basis for Emergency Relief**

17. If these cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to the Debtors, their creditors, counsel, and the Court. Certainly, the relief sought would be of considerably greater value if granted immediately.

18. The Debtors will file shortly various pleadings requesting emergency relief (the "**First Day Motions**") including (i) application to employ Stichter, Riedel, Blain and Prosser, P.A. as bankruptcy counsel; (ii) motion to extend the utility stay; and (iii) motion to use cash collateral. The Debtor requests authority to file the First Day Motions under the style identified in this Motion for the jointly administered cases, and to file the First Day Motions in the lead case only.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion, directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with and providing for such other and further relief as is just and proper.

*/s/ Don M. Stichter*
Don M. Stichter
Florida Bar No. 078280
Scott A. Stichter
Florida Bar No. 0710679
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602
(813) 229-0144
(813) 229-1811 Fax
dstichter@srbp.com
sstichter@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing **Emergency *Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure*** has been furnished on this 13th day of December, 2010, by either the Court's CM/ECF electronic mail system or by U.S. MAIL to:

    Office of the United States Trustee
    20 Largest Unsecured Creditors

                                               */s/ Don M. Stichter*
                                               Don M. Stichter